## Harding, Appellant, *v.* Seeley.

[Marked to be reported.]

*Real estate—Occupancy of—Presumptions.*

It is well settled that one who has a right of entry upon lands will be presumed to have entered in virtue of that right, rather than as a trespasser. It is equally well settled that possession is, in general, notice of the title of the possessor; also that where a party having two different titles records one of them and withholds the other from the record, his possession is referable to, and notice of, only that one which is recorded.

*Landlord and tenant—Construction of lease.*

Where a tenant entered into possession under a lease for a year "with the privilege of four years' additional lease from the first day of January, 1888, at the same rental per annum," and with the further provision that if he should "continue in possession after the termination of the above contract, then this contract shall continue in full force for another year, and so on from year to year," and he continued to occupy the premises for two years succeeding the first day of January, 1888, it was

*Held,* that the holding over was under the former provision of the lease providing for an additional tenancy of four years, and not under the provision for a tenancy from year to year, which could not come into effect until the termination of the four year period.

*Word "lease" equivalent to word "term."*

The word "lease" must be construed as equivalent to the word "term,"

such being the evident intention of the parties. Though this use of the word is untechnical, it has received the sanction of text writers and of acts of assembly.

Argued January 22, 1892. Appeal, No. 14, Jan. T., 1892, by plaintiffs, Catherine B. Harding et al., from judgment of C. P. No. 1, Phila. Co., June T., 1890, No. 100, on verdict for defendants, George H. Seeley et al. Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for rent alleged to be due.

On the trial before BIDDLE, J., it appeared that the plaintiff's testator made a written lease to defendants which provided, so far as it is material, that the tenants should hold " for the term of one year from the first day of January, 1887, at the rent of $2,100 per annum, payable quarterly, with the privilege of four years' additional lease from the first day of January, 1888, at the same rental per annum," and which also provided, " it is hereby agreed that if the above named Seeley Brothers should continue on the above described premises after the termination of the above contract, then this contract shall continue in full force for another year, and so on from year to year until legal notice shall be given for a removal."

Plaintiff's point submitted was as follows: " It appearing from the uncontradicted evidence in the case that the defendants remained in possession under the lease after January 1, 1888, by the terms of the lease they became tenants for an additional term of four years from the first day of January, 1888, and became liable to pay the rental for that period, and the defendants could not by removing from the premises prior to January 1, 1890, relieve themselves from liability for the rent for which this suit is brought." Negatived. [1]

The court directed a verdict for the defendants. [2]

*Errors assigned* were, (1) the refusal of the above point, quoting it; (2) directing a verdict for defendants.

*Samuel Dickson, Richard C. Dale* with him, for appellants.—

By continuing in possession after the expiration of the first year, the lessee exercised his privilege of a four years' additional lease: Kramer v. Cook, 7 Gray, 550; Delashman v. Berry, 20 Mich. 292; Terstegge v. Society, 92 Ind. 82; Clarke v. Merrill, 51 N. H. 415; Long v. Stafford, 103 N. Y. 274.

*James H. Shakespeare*, for appellees.—The rule is that respecting leases of doubtful duration, they must be construed favorably to the tenant, and in cases of uncertainty the tenant is most favored by the law.

The clause, "with the privilege of four years' additional lease," is only a *covenant* that the lessor will give an additional lease, and does not itself create a *term* of five years at the election of the lessee : Thiebaud v. Bank, 42 Ind. 212; Terstegge v. Society, 92 Ind. 82; Renoud v. Daskam, 34 Conn. 512.

OPINION BY MR. JUSTICE HEYDRICK, March 28, 1892 :

It is not doubted that the contract out of which the present controversy grew, gave the defendants an option for an additional term of four years ; nor that some kind of notice to the landlord of their election was necessary, on the one hand, to secure to them the enjoyment of the term, and, on the other hand, to bind them for the payment of the rent. But whether the mere continuance of the tenants' occupancy after the expiration of the term certain was sufficient notice, is a question which does not appear to have ever been decided in this state. It is, however, well settled, that one who has a right of entry upon lands will be presumed to have entered in virtue of that right rather than as a trespasser: McMasters v. Bell, 2 P. & W. 180 ; Bannon v. Brandon, 34 Pa. 263. And it is equally well settled, that possession is, in general, notice of the title of the possessor: Jaques v. Weeks, 7 Watts, 261. But where a party, having two different titles, records one of them and withholds the other from the record, his possession is referable to, and notice of, only that one which is recorded: Plumer v. Robertson, 6 S. & R. 179; which is as much as to say that, where a party has a known title, his possession shall not be deemed notice of a secret intent to hold inconsistently therewith. In harmony with these familiar principles, the continuation of possession by the tenants would be clearly referable to their "privilege of four years additional lease," and could have had no other significance to the landlord. They had no other right to remain, because the last clause, providing for a tenancy from year to year, by its express terms, could not come into effect until after the termination of the contract, which included the "four years additional lease," and the landlord, having knowl-

edge of the privilege which he had granted, could not be affected by their possession with notice of a secret intent on the part of the tenants to hold otherwise than under that privilege. It is therefore an inevitable conclusion that the holding over by the defendants after the expiration of the term certain was such notice to the landlord of their election to exercise their privilege under the contract as bound both parties for the entire optional term, unless the two propositions contended for by the appellees' counsel can be maintained, viz., that the clause, " with the privilege of four years additional lease," must be construed to be a covenant to renew the lease, and not an option for a longer or extended term, and that there is something in the nature of a covenant to renew at the option of the tenant which differentiates his holding over from that of a tenant for a term certain with an option for an additional term requiring no farther conveyance.

That a holding over by a tenant who has an option for an additional term is notice to his landlord of his election to exercise his privilege is generally held in this country : Kramer v. Cook, 7 Gray, 550 ; Kimball v. Cross, 136 Mass. 300 ; Montgomery v. Commissioners, 76 Ind. 362 ; Delashman v. Berry, 20 Mich. 292 ; Clarke v. Merrill, 51 N. H. 415 ; Holley v. Young, 66 Me. 520 ; Insurance Co. v. Nat. Bank, 71 Mo. 58 ; Long v. Stafford, 103 N. Y. 274 ; Terstegge v. German Benevolent Society, 92 Ind. 82. But it must be admitted that the courts of Indiana and Connecticut have recognized the distinction contended for by the learned counsel for the appellees, and held that the continued possession of the tenant and payment of rent, is not such notice of his election under a covenant for renewal as will entitle him to a new lease, or bind him for rent otherwise than from year to year, but that for such purpose actual notice must be given to the landlord at or before the expiration of the term certain. If it were important to inquire upon what this distinction is based, it might be difficult to find a reason for it, since the substance about which the parties contract is, in either case, a term ; in the one case, to be granted upon the election of the tenant by a new lease, in the other, to be held upon a like election under the original lease. In both cases the election of the tenant is effectual to vest in him a right to the term ; notice of that election being given to the landlord. Why,

then, that which all agree is notice in the one case should not be notice in the other, is not apparent. And, therefore, if the clause " with the privilege of four years' additional lease " were to be construed to be a covenant for a new lease, it might be well to inquire whether Renoud v. Daskam, 34 Conn. ·512, and Thiebaud v. The Bank, 42 Ind. 212, are in harmony with the other class of cases. But, as will presently be seen, the exigencies of this case do not require such inquiry.

The plaintiff's testator leased certain premises to the defendants, " for the term of one year, from the first day of January, 1887, at the rent of $2,100, payable quarterly, with the privilege of four years' additional lease, from the first day of January, 1888, at the same rental per annum." The defendants covenanted that they would at the expiration of the term surrender possession of the premises; and it was "further agreed that, if the above mentioned Seeley Brothers should continue on the above described premises after the termination of the above contract, then this contract shall continue in full force for another year, and so on from year to year, until legal notice shall be given for a removal." Because the word " lease," used in the clause giving the tenants an option, is not the technical equivalent of the word " term," it seems to have been thought by the learned court below, as it has been argued here, that the parties must have contemplated the execution of a new lease in case the tenants should elect to hold four years longer, and hence that the clause in question must be construed to be a covenant for such new lease. There would be much force in the argument, if, by so construing the clause, full effect could be given to that and every other clause in the lease, and if it were less usual in common speech to put, by a sort of metonymy, the instrument by which an estate for years is granted for the estate itself. This use, however, of the word " lease," as descriptive of the estate or interest conveyed by a lease, is recognized by text writers : see Taylor on Landlord and Tenant, § 16 ; and it has crept into the statutes, as may be seen in the title of " an act to authorize mortgages of coal leases in Schuylkill county," which does not authorize mortgages of leases technically so called, but does authorize mortgages of certain estates held by leases ; and, in the act of April 27, 1855, P. L. 369, providing that certain lessees may mortgage their " lease

or term in the demised premises." The word was evidently used in this untechnical sense in the clause under consideration. Any other construction would lead to absurdities that the parties cannot be presumed to have intended. By the last clause it is provided, that if the tenant " should remain on the above described premises after the termination of the above contract, then this contract"—not some other—"shall continue in full force for another year." When would the contract terminate if the tenants should avail themselves of their " privilege of four years' additional lease," and, in the language of the last clause, " continue on the above described premises ? " If it be held that it would terminate at the expiration of the first year, and that the tenants must have a new lease for the next four, there would be a repugnancy between the clause providing for the four years additional lease, and the last clause providing for a tenancy from year to year. But, if it be held that in such case the termination of the contract would be postponed, until the expiration of the new lease, there would be the absurdity of the tenants holding one year under the original lease, then four years under a new lease, upon precisely the same terms as the former, and, after that, falling back upon the original. But by holding that the word " lease " is used in its untechnical sense as the equivalent of " term," effect is given to every clause in the instrument, and the several clauses become a consistent whole, conveying a term of one year certain, with an additional term of four years, at the option of the tenants, and providing for a tenancy from year to year, in case the tenants should remain in after the expiration of the latter term. It follows, that there was error in the refusal of the court below to affirm the plaintiff's point and in directing a verdict for the defendants.

The judgment is reversed and a venire facias de novo awarded.