Criswell et al., Appellants, *v.* Hulings.

Argued April 29, 1938.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER and RHODES, JJ.

*D. J. Skelly,* of *Skelly & Mogilowitz,* with him *G. G. Martin,* for appellants.

*S. B. Babcock* and *Robert M. Dale,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1938:

This appeal is from an entry of judgment on the pleadings in an action of ejectment.

Lily S. Hulings, the appellee herein, presented her petition to the Court of Common Pleas of Venango County, averring that she is the sole owner in fee and in possession of certain premises which she purchased May 15, 1933, at a sheriff's sale held pursuant to a writ of fi. fa. issued against F. B. Criswell and Hattie Criswell. The property is described as follows:

"All of that plot or parcel of land situated lying and being in the Borough of Emlenton, Venango County, Pennsylvania, being known as the 'Hotel Lot' and numbered in the plan of said Borough as lot No. 98. Bounded on the north by Main Street, on the west by Eighth Street, on the south by the Allegheny River, and on the east by land now or late of Jas. Freud (or Frend).

"Being the same which Ann C. Mackin and Nicholas Mackin, her husband, by deed dated April 3, 1920, recorded in the Recorder's Office of said Venango County in Deed Book No. 373, Page 221, conveyed to 'The Sisters of Mercy,' who by deed dated the 14th day of January, 1925, recorded in the said Recorder's Office in Deed Book No. 399, Page 315, conveyed the same to F. B. Criswell," excepting and reserving therefrom 10 feet along Eighth Street which Criswell and his wife had previously conveyed to the Borough of Emlenton for public travel.

The petition further alleged that Bessie M. Criswell, although not in possession, claims an interest in, or title to, the aforesaid real estate, or a part thereof, and prayed that a rule be granted upon her to bring an action of ejectment within six months from the service of the rule.

An answer was filed by Bessie M. Criswell, who denied that the petitioner is the sole owner in fee and in possession of all the land described in the petition, and averred that she, and John Magee, James Magee and Robert Magee, minor (grand)children of Margaret Magee, have title to a portion of the land claimed by the petitioner, and described as follows, to wit:

"Front or Opera House Lot, bounded Northerly by Water Street; Easterly by Bridge and Bridge Street; Southerly by the Allegheny River; and Westerly by Eighth Street, having a frontage of 75 feet, more or less, on Water Street and the Allegheny River, and 50 feet, more or less, on Eighth Street and Bridge and Bridge Street."

This rule was made absolute and thereafter the respondents brought an action of ejectment for the "Front or Opera House Lot" as described in their answer, which appellee claims is the southern portion of lot No. 98, which is divided by a public street, formerly designated as Water Street, now known as River Avenue.

The plaintiffs filed their declaration with an abstract of title, averring title out of the Commonwealth, which by divers conveyances was vested on the 15th of October, 1920, in A. Cecelia Mackin, otherwise known as Ann C. Mackin, who, admittedly, is the common source of title; adverse possession in Ann C. Mackin for a period of more than 45 years; Ann C. Mackin's death on the 15th of October, 1920, and her will, dated June 28, 1916, wherein she gave and devised to the "Mercy Hospital, Allegheny County Sisters of Mercy," two lots of

land situated in the Borough of Emlenton, described by distances and boundaries and known as the "Front or Opera House Lot," lying south of River Avenue, and the "Mackin Hotel Lot," lying north of River Avenue. These alleged two lots constitute the property claimed by the appellee herein. That was the first time any reference was made of record that lot No. 98 did not extend to the Allegheny River.

The plaintiffs also averred the election of Nicholas Mackin, surviving spouse of Ann C. Mackin, to take against the will of the decedent. Attached to the abstract was a list of the following deeds: Hugh Keating et al. to Ann C. Mackin, dated July 25, 1883, recorded in Deed Book vol. 135, p. 182; a quit claim deed from the Sisters of Mercy and the Mercy Hospital of Pittsburgh (the devisees under Ann C. Mackin's will) to Bessie M. Criswell, dated September 5, 1933, recorded in Deed Book vol. 446, p. 194; and the quit claim deeds from the heirs of Nicholas Mackin, who died July 18, 1929.

Lily S. Hulings filed an answer and abstract of title. The latter included a deed from Ann C. Mackin and her husband to the Sisters of Mercy, Allegheny County, a corporation, dated April 3, 1920, recorded in Deed Book vol. 373, p. 221; the deed from the Sisters of Mercy to F. B. Criswell, dated January 14, 1925, recorded in Deed Book vol. 399, p. 315; and the sheriff's deed, dated May 25, 1933, recorded in Deed Book vol. 428, p. 225, conveying the interest of Criswell to Lily Smith Hulings. The deeds from Keating et al. to Ann C. Mackin and from Ann C. Mackin and husband to the Sisters of Mercy recite that the premises conveyed are the same as were awarded to Ann C. Mackin by order of the Orphans' Court of Clarion County in proceedings in partition. The description in all of the conveyances is substantially the same as in the Keating deed.

An amended declaration and abstract of title was

thereafter filed by plaintiffs, identical to the original, except it included a claim for mesne profits and omitted reference to the deed from Hugh Keating et al. to Ann C. Mackin, and alleged title in Ann C. Mackin, and predecessors by adverse possession.

The learned court below, after argument, sustained the defendant's motion for judgment on the pleadings, on the ground that the plaintiffs did not show a title to support a judgment. This action was in accordance with the Act of May 8, 1901, P. L. 142 §2, as amended June 12, 1919, P. L. 478, §1 (12 PS §1548). Our Supreme Court has definitely held that where an eject-ment case as presented by the pleadings turns on legal questions, it may be decided by the court, as it would be a vain thing in that event to invoke the aid of a jury: *Porter et al. v. Hayes et al.,* 293 Pa. 194, 142 A. 282; *First P. G. C. Co. v. Wheeler R. C. Co. et al.,* 301 Pa. 485, 152 A. 685.

The appellants' claim is based solely on the devise contained in Ann C. Mackin's will, and depends, there-fore, on the interest she had at the time of her death. Under the pleadings she had none at all. All the title she had had in the property in dispute was conveyed to the appellee five months before her death in 1920. There is no adequate averment that she had acquired any title except from the Keatings. It is true that in her amendment to her declaration and abstract of title the Keating deed was omitted, as heretofore pointed out, but no other deed was substituted therefor, nor was it in any way repudiated. Ann C. Mackin had the right, by virtue of her legal and recorded title, to enter upon the land in dispute. It will be presumed that she entered under that right and not as a trespasser: *Bannon et al. v. Brandon,* 34 Pa. 263. Where one is in possession of property, and has a recorded title thereto, it will be taken for granted that he holds under the recorded title, not some secret title inconsistent

therewith: *Lance v. Gorman et al.,* 136 Pa. 200, 209, 20 A. 792; *Harding v. Seeley,* 148 Pa. 20, 22, 23 A. 1118.

The plaintiffs contend that Ann C. Mackin conveyed only lot No. 98, as shown on the unrecorded plot of lots of the Borough of Emlenton, and that it does not extend in a southern direction beyond Water Street. But nowhere in the appellants' chain of title does it appear that the boundaries of lot No. 98 were not the same as those called for in the Keating deed to Ann C. Mackin, except as to the 10 feet conveyed by Criswell to the Borough of Emlenton, which in no way affects the present controversy.

The plaintiffs, in support of their contention, rely mainly upon *Schenley v. Pittsburgh,* 104 Pa. 472. There, about three acres of land were conveyed by John Penn and John Penn, Jr. to Isaac Craig and Stephen Bayard by a deed referring to the general plan of town lots which were situated in a point formed by the junction of the Monongahela and Allegheny Rivers. The lots as laid out in the plan did not extend to the river fronts but to Water Street, running between the rivers and the lots. The court held that plaintiff had no title to the land in dispute, as, concededly, it was wholly outside the lines of the lots which were conveyed according to the description as shown by the plan. It was apparent in that case that the deed was intended to convey only the land included within the lot lines.

In the instant case, there is no indication that the land claimed by appellee is not within the boundaries called for in the various conveyances in her chain of title. Furthermore, the plaintiffs concede that on August 28, 1933, the defendant entered and remained in possession of the premises in dispute, and they seek to recover mesne profits from that date. All the title the Sisters of Mercy had was divested by their deed to Criswell. If they had any adverse claim to this land, they were bound to assert it to the purchaser: *Liven-*

*good v. Stauffer,* 31 Pa. Superior Ct. 495. The plaintiffs do not aver that any grantor in the quit claim deeds, under whom they claim, was in possession of the lot at or about the time the deeds were delivered: See *Gibson et al. v. Hoffman et al.,* 310 Pa. 51, 53, 164 A. 783.

We are not favorably impressed with the plaintiffs' endeavor to disturb the boundaries which seem to have been recognized since at least 1883, or with the strength or the merit of their claim.

Judgment affirmed.