## Gallagher's Appeal.

II. devised certain land to his sister, and after providing for his widow, left his residuary estate to his nephews and nieces. The widow refused to take under the will and elected instead to take her interest under the intestate law. *Held*, that the sister was entitled to have the assets marshalled, and a sum set apart sufficient to relieve the land devised to her from its burden of the widow's interest.

May 22d 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Appeal from the Orphans' Court of *Juniata county:* Of May Term 1878, No. 115.

Appeal of Joseph Gallagher and others, residuary legatees under the will of Robert C. Gallagher, deceased.

Robert C. Gallagher died in 1872, leaving a will, wherein he made certain provisions for his widow, Jane Gallagher, devised certain real estate to his sister, Sophia Oswald, and bequeathed all the residue of his estate, excepting certain specific legacies, to his nephews and nieces, in proportions named therein. There was no issue of Robert C. and Jane Gallagher, and the widow refused to accept the provisions of the will and claimed the one-half of the real estate for life, under the intestate law. The value of the widow's interest in the land devised to Sophia Oswald was $1000, or $60 per annum, and in the distribution of the estate she claimed that a fund sufficient to raise $60 should be set apart and retained, so that she might enjoy the property devised to her free from any encumbrance, as she contended the testator intended she should.

The court, Junkin, P. J., made a decree that the assets should be marshalled, and that an amount sufficient to make her whole should be taken from the residuary legatees and devisees, and in an opinion said:

"It is certain that testator intended that his sister should enjoy in fee the real estate devised to her, and it is equally certain that she was among the first objects of the testator's bounty; and that she is restricted in the enjoyment of her devise is apparent.

"The case is novel, in this, that the encumbrance did not exist in the testator's lifetime, nor was it created by him. It springs out of a right which he could not control, is a mere encumbrance, leaving the fee simple in the devisee. It is not a debt created by the testator, nor a lien which his personal estate is bound to discharge. It is an estate in the land itself, and can such a charge be removed? In principle, how does a dower charge differ from a mortgage, or any other charge which defeats the enjoyment of the lands devised, or subjects the devisee to the expense of removing it? Such a charge (mortgage or judgment), where it is the debt of the testator, would be paid out of the residuary estate at the

[Gallagher's Appeal.]

expense of the residuary legatees, unless the testator has directed otherwise. But this rule does not apply as between devisees (all devises are specific), and specific legatees, as see O'Neal *v.* Mead, 1 P. Wms. 694; Tipping *v.* Tipping, 1 Id. 730; Long *v.* Short, 1 Id. 403; Hoff's Appeal, 12 Harris 200, 206. This last case is authority for the proposition that a lien on devised land will be discharged out of the residuary fund; so is Long *v.* Short, 1 P. Wms. 403. But should this principle fail in its application to this estate, there remains the general rule, as laid down in Sandoe's Appeal, 15 P. F. Smith 314, to wit: 1. Where a widow elects not to take under a will, her substituted devises and bequests are a trust in her, for the benefit of the disappointed claimants, to the amount of their interest therein: 2. A court of equity will sequester the benefit intended for the wife to secure compensation to those whom her election disappoints. Then add the general rule, that specific legatees and devisees shall be first satisfied, and any deficiency or loss must fall upon the residuary legatees, and we think this question is decided. Sophia Oswald, as a devisee of the half lot and house, is deprived of one-half the benefits of the devise while the widow lives, and the rule requires that she be made whole, at the expense of the residuary legatees, and we must marshal the assets to effect that result.

From the foregoing decree this appeal was taken.

*Edmund S. Doty* and *Jeremiah Lyons*, for appellants.—The devise to Sophia Oswald was specific. It was not encumbered by any debt of the devisor. Jane Gallagher, the widow, had an estate in the land devised, which vested the instant that her husband, the testator, died, and the devisee took the land subject thereto. The interest of the widow is not payable out of the personal estate of the decedent in relief of the devisee: Hoff's Appeal, 12 Harris 200. The statutory interest of the widow is not like dower at common law; it is an estate in the land: Gourley *v.* Kinley, 16 P. F. Smith 270. It is not a lien on the land: Schall's Appeal, 4 Wright 170.

No paper-book nor oral argument *contra.*

The judgment of the Supreme Court was entered June 3d 1878,

PER CURIAM.—We discover no substantial error in this case. The decree is, therefore, affirmed and appeal dismissed, and the costs ordered to be paid by the appellants.