### HEFFRON et al. v. TREBER et al.

A lease executed April 5, 1901, for "the term of three years, with the privilege of two years additional from and after" July 1, 1901, at a monthly rental commencing July 1, 1901, is a lease for three years from July 1, 1901, with the privilege of two years additional at the same rent.

The liability of a person guarantying the payment of rent called for in a lease for a term of three years, with the option of the tenant to occupy the premises for two years additional, is coextensive with the term provided for in the lease.

A lease for a term of three years gave the lessee the privilege of holding the premises for an additional two years. The lessee, after the three years, continued to hold the premises without any new agreement. Held, that the lessee did not, after the expiration of the three-year term, hold under Rev. Civ Code, § 1437, providing that, where a lessee remains in possession after the expiration of the term and the lessor accepts rent, the parties are presumed to have renewed the hire on the same terms and for the same time, not exceeding one year; but he held under the lease, and a guarantor of the payment of rent was liable for rent during the two years the lessee held the premises after the expiration of the three-year term.

(Opinion filed, Feb. 13, 1907.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. Rice, Judge.

Action by Mary J. Heffron and another against John Treber and others. From a judgment for defendants, plaintiffs appeal. Reversed.

*Martin & Mason,* for appellants. *Adoniram J. Plowman,* for respondents.

FULLER, P. J.   Whether appellants have stated facts suffi-
cient to constitute a cause of action against respondent Treber is
the only question presented by this appeal from a judgment en-
tered in his favor on sustaining a general demurrer to the following
complaint: "(1) That on or about April 5, 1901, they leased in
writing unto the defendants Thomas Riley and John W. Ryan lot
three (3), in block fourteen (14), in the city of Deadwood, 'for
the term of three years, with privilege of two years additional,
from and after the first day of July, A. D. 1901,' at the monthly
rental of one hundred and fifty dollars ($150.00), to be paid
monthly in advance on the first day of each and every month,
commencing July 1, 1901, which rental the defendants Riley and
Ryan agreed to pay therefor.   (2) That thereupon, and before the
delivery of said lease the defendant John Treber executed and
signed the following agreement upon the back of said lease, to-wit:
'In consideration of $1.00 in hand paid me, receipt of which is
acknowledged, I guarantee payment of within rent promptly at
times it shall become due during term of within lease.   Dated April
5th, 1901,'   (3) That thereupon possession of said premises was
delivered to the said lessees, who have remained in the possession
thereof ever since; that at the expiration of three years from the
execution of said lease, the said lessees, Ryan and Riley, exercised
their privilege of two years' additional time thereon, and remained
in the possession of said premises without any new or different
agreement or lease with these plaintiffs than the one heretofore set
out, and that said lessees are still occupying the said premises un-
der said lease of April 5, 1901.   (4) That the said lessees, Riley
and Ryan, have paid the rental of said premises stipulated for in
said lease up to the 20th day of September, A. D. 1904, and no
more, and that there is now due and owing from the said lessees
and from the defendant John Treber the rent for said premises since
the date last named, September 20, 1904, at the rate of one hundred
and fifty dollars ($150.00)."

The language employed by the contracting parties, aided by
the presumption that they intended to avoid absurd consequences,
renders unavailable the contention of counsel for respondent that,
according to the terms of the lease, the occupancy of the tenants

thereunder for the additional two years must commence on the 1st day of July, 1901. Plainly the lease should be construed as being for the term of three years from and after the 1st day of July, 1901, with the privilege of two years additional, at the uniform monthly rental of $150, payable monthly in advance on the 1st day of each month, commencing July 1, 1901. Although the tenants were given the privilege to terminate the lease at the end of three years, respondent's liability as guarantor is co-extensive with the term provided for therein, and consequently the important question presented is whether such tenants were legally occupying the premises under and in strict pursuance of the terms of the lease after the expiration of the three years and during the time the rent accrued to recover which this action was instituted. Because no new or different agreement was made prior to or at the expiration of the three years, it is urged by counsel for respondent that the lessees were holding over after the expiration of their term and had thereby renewed their lease for the period of one year by operation of the following statutory provision: "If a lessee of real property remains in possession thereof, after the expiration of the hiring, and the lessor accepts rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one year." Rev. Civ. Code, § 1437. Had the lease provided for notice of renewal for two additional years, or the right to make a new lease for that period, there might be some reason for the contention that the term expired on July 1, 1904, and that the tenants were holding over under the foregoing statutory provision. However, if the tenancy terminated at the end of three years, the lessees were not given the privilege of occupying the premises under the lease for two years additional at the same monthly rental payable as before, and such plain and explicit statements of the parties can be given no effect whatever. As to the rights of the parties, and in legal effect, the instrument does not essentially differ from a lease for a term of five years, in which the landlord gives the tenant an option to terminate such lease by vacating at the end of three years, and his specified term under either lease gives him the absolute right to occupy the premises during the last two years, if he so desires.

For the purposes of the demurrer it must be conceded that the lessees exercised their privilege of two years' additional tenure, and "are still occupying the said premises under said lease of April 5, 1901," as alleged in the complaint. This being true, the conclusion is irresistible that a default exists in the payment of rent which became due during the term of the lease, and for the payment of which respondent became responsible by the express terms of his contract. In construing a lease exactly like this, it is said by the Indiana court: "The term did not necessarily terminate at the expiration of three years. Its termination depended upon the option of the appellee. If the option was exercised, the term continued for five years. There was to be no renewal, nor was there to be more than one term. That term was to be for either three or five years. Its duration depended upon the appellee. Until its termination there could be no tenancy from year to year. If the option was exercised, the term did not terminate at the end of three years. How was the option to be exercised? Simply by retaining possession. Nothing else was contemplated by the parties. Notice was not required, nor expected, and all the appellee had to do, to exercise the option, was to keep the premises." Montgomery v. Board of Commissioners, 76 Ind. 362. So, in New York, "where a lease for one year provides that it may be extended for a term of two additional years, and the lessee retains possession after the end of the first year, he thereby elects to extend the term for two years." Voege v. Ronalds, 31 N. Y. Supp. 353. For a valuable consideration, and without the necessity of a renewal or notice of extension, the lessees were here given the privilege of occupying the premises for a term of five years, and, presumably for their accommodation, respondent voluntarily undertook to answer for any default that might occur in the payment of rent at any time during the life of the lease, which is for three years with the privilege of two years additional. The proposition that a tenant under such a lease is not required to give notice in order to lawfully continue in possession during the extended term is further sustained by the following authorities: Andrews v. Creamery Company, 118 Iowa, 595, 92 N. W. 706; Terstegge v. Mutual Benevolent Society, 92 Ind. 82; Stone v. Stamping Company, 155 Mass. 267, 29 N. E.

623; Pechl v. Bumbalek, 99 Wis. 62, 74 N. W. 545; Kelso v. Kelly, 1 Daly (N. Y.) 419. As conclusive of the point that respondent's liability as guarantor applies as well to the rent accruing for the last two years as to the first three years, see Deblois v. Earle, 7 R. I. 26; Decker v. Gaylord, 8 Hun. 110; Defau v. Wright, 25 Wendell, 636.

It being thus demonstrated that the lessees were not holding over within the meaning of the statute herein quoted, but were legally occupying the premises under their lease, and by virtue of the fact that the term prescribed therein and for which respondent became liable for the payment of rent had not expired, there is no escape from the conclusion that the complaint states facts sufficient to constitute a cause of action against him; and the judgment appealed from is reversed.

HANEY, J., dissenting.