CLANCY, Appellant, v. G. F. BUCHE CO., Respondent.

(221 N. W. 601.)

(File No. 6220. Opinion filed October 17, 1928.)

*Muller, Conway, Feyder & Conway,* of Sioux Falls, for Appellant.

*Caster & Baker,* of Lake Andes, for Respondent.

MORIARTY, C. In June, 1919, the appellant, C. F. Clancey, was the owner of a certain store building in the city of Madison, S. D., and on the 10th day of said month he entered into a written lease of said premises to the defendant corporation. Said lease contains the following provisions:

"Said lessor hereby leases and rents unto said lessee the following described premises [describing them] for the term of three years, with the privilege of five years, from the 1st day of August, 1919, to the 1st day of August, 1922, for the sum of one hundred and no/100 dollars per month."

Then, after the usual provisions as to payment of rent, nature of occupancy, and care of premises, the lease contains this further provision:

"The lessee further agrees to give notice of at least 30 days prior to the expiration of this lease of their desire to renew the same, but no option of renewal is hereby or otherwise given by the lessor, and it is mutually understood that, if said lessee shall hold over or occupy the above-leased premises subsequent to the expiration of this lease, they shall merely hold as tenants from month to month, and that this lease shall not be renewed, unless it is expressly so agreed in writing."

The lessee went into possession of the premises under this lease, and continued to occupy them until March 6, 1924, and paid the rental of $100 per month up to April 1, 1924. After the lessee had vacated the premises, on March 6, 1924, the lessor demanded payment of the rent for the months of April, May, June and July, 1924, and the demand was not complied with. Thereafter the appellant began this action to recover $400, which he alleged to be due from the respondent as the rentals for the four months above mentioned.

The case was tried to the court, without a jury. The trial court, in its findings, after finding the facts to be as above stated, further found:

"That the lease expired on the 1st day of August, 1922, the defendant not having exercised its option for the longer period, and did not give the 30 days' notice before August 1, 1922, required under the terms and conditions of said lease, thereby terminating said lease, and the continued occupancy of said premises after said 1st day of August, 1922, by said defendant, constituted and created a tenancy of said premises from month to month, according to the provisions of said lease hereinbefore set forth."

In accordance with these findings the trial court made its conclusions of law and entered judgment in favor of the defendant. Plaintiff's motion for a new trial was denied, and from the judgment and the order denying a new trial this appeal is taken.

In their assignments of error and in their argument appellant's counsel contend that the trial court erred in admitting certain items of evidence. But in trials to the court the admission of irrelevant evidence does not constitute reversible error, as the court is presumed to have disregarded such evidence, and a judgment will not be reversed on this ground alone, if there is competent evidence sufficient to support the findings, and the findings support the judgment. This has been so often announced as the rule adhered to by this court that citation of authorities should not be necessary.

Counsel for appellant further say that, after the taking of evidence in court, the defendant asked to be allowed to take the deposition of a witness not present at the trial, that the trial court gave permission to take such deposition and present it to the court, and stated that after the filing of the deposition counsel on each

side might present written briefs; and counsel contend that by so doing the trial court deprived appellant of the opportunity to rebut the evidence contained in the deposition. But the record shows that appellant's counsel were present at the taking of the deposition and cross-examined the witness, and never asked for an opportunity to present rebuttal testimony. Under such circumstances there is no merit in this contention.

■ The only question raised by the assignments, and which appears to merit serious consideration by this court, is whether the facts shown by the record, including the language of the written lease, are sufficient to support the trial court in its holding that after August 1, 1922, the lessee occupied the premises described in the lease as a tenant from month to month. It is admitted that the lessee never gave notice of its desire to continue in possession or to renew its lease.

On this point appellant's counsel contend that the clause in the lease providing that the lessee shall give notice of at least 30 days "prior to the expiration of this lease of their desire to renew the same," refers to the expiration of a term of five years after August 1, 1919, and that by continuing to occupy the premises after August 1, 1922, the lease was extended for the additional two years' term. Respondent's counsel contend that the words "prior to the expiration of this lease" mean prior to August 1, 1922, the termination of the three-year period mentioned in the lease.

In this contention we think that respondent's counsel are correct. No extension beyond five years appears to have been within the contemplation of the parties. The lease reads: "For the term of three years, from August 1, 1919, to August 1, 1922." The clause, "with the privilege of five years," evidently was not considered in fixing the term of the lease, as the words "to August 1, 1922," must be considered as definitely fixing the expiration of the term.

This being true the provisions as to notice and renewal in writing must be held to refer to the manner in which the lessee must proceed to secure the privilege of holding possession for the additional two years. And the provision is clear that without such procedure the only effect of holding over will be to create a tenancy from month to month.

■ Appellant's counsel cite numerous authorities, including decisions of this court, holding that leases are extended by the lessee's holding over into the extension period mentioned in the lease. But the limitation of this rule is well expressed in Jones on Landlord and Tenant, § 340, cited in appellant's own brief, by the following language:

"Where the stipulation is for an extension, *and no requirement for notice is made,* the tenant's mere continuance in possession and payment of rent, though without expressed notice, entitles and binds him to the extension."

This language clearly shows why the rule does not apply to the lease involved in the instant case, for in this lease we find a clear and definite provision that, in order to secure the extension, the lessee must give notice and secure a renewal of the lease, and that, in event of its failure to do this, it will remain in possession only as a tenant from month to month.

■ This was a matter upon which the parties had a right to contract, and the courts should not attempt to make any other contract for them. In Heffron v. Treber, 21 S. D. 194, 110 N. W. 781, 130 Am. St. Rep. 711, this court recognizes the limitation to the rule contended for, by quoting from the Indiana court in Montgomery v. Board of Commissioners, 76 Ind. 362, 40 Am. Rep. 250, this language:

"The term did not necessarily terminate at the expiration of three years. Its termination depended upon the option of the appellee. * * * How was the option to be exercised? Simply by retaining possession. Nothing else was contemplated by the parties. *Notice was not required, nor expected,* and all the appellee had to do, to exercise the option, was to keep the premises."

And in Heffron v. Treber, supra, this court says:

"For a valuable consideration, and *without the necessity of a renewal or notice of extension,* the lessees were here given the privilege of occupying the premises for a term of five years."

These quotations make it clear that the courts recognize the right of parties to make provisions requiring notice of the exercise of the option to retain the occupancy for the extended term, and we have not found any authority holding that a requirement of notice, such as that contained in the lease now before this court, will be disregarded.

Finding no reversible error in the record, the judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., dissents.