In the Matter of the Estate of HATTIE W. HECHT, Deceased.

Surrogate's Court, New York County, November 3, 1930.

*Seligsberg & Lewis* [*William E. Friedman* of counsel], for the petitioner.

*Ruth Ranson,* for the objector.

O'BRIEN, S. The 243 Corporation urges its claim for the sum of $333.75 *on an alleged guaranty of rent* alleged to be due under a lease between said corporation as landlord and Edward A. Hecht, husband of decedent. The particular lease upon which it is sought to collect said amount was dated August 21, 1928, and covered the period running from October 1, 1928, to September 30, 1929, at an annual rental of $1,500. Said lease contained a paragraph similar to one contained in two previous leases between the same parties which reads as follows: " The signing of this agreement by the parties hereto constitutes a lease between said parties upon all the terms and conditions contained in the lease heretofore made between them, or their respective predecessors in interest, except as to privilege of renewal, if any, which privilege is hereby canceled, and except as varied by the terms of this agreement which is to be attached to the original lease, which original lease is to be deemed a part hereof."

The guaranty under which claimant seeks to collect the balance due upon said last lease, *i. e.,* the lease dated August 21, 1928, was made in connection with the first lease between these parties dated June 30, 1925, and covering a period running from October 1, 1925, to October 1, 1926. Indeed the lease itself contained said guaranty which reads as follows: " In consideration of the letting of the premises within mentioned to the Tenant within named, and of the sum of One Dollar, to the undersigned in hand paid by the Landlord within named, the undersigned hereby guarantees to the Landlord and to the heirs, successors and assigns of the Landlord, the payment by the Tenant of the rent within provided for, and the performance by the Tenant of all the provisions of the within lease and of any renewals thereof. Notice of all defaults

is waived, and consent is hereby given to all extensions of time that any landlord may grant."

Three separate leases on three successive years were made by these parties, under the last of which the balance is due. Claimant bases its contention that decedent's estate is liable for the payment of said balance upon the guaranty made by decedent in connection with the first of the leases and especially upon the expression " and the performance by the tenant of all the provisions of the within *lease* and of any *renewals* thereof." Thus the proposition which will determine the liability of this estate to pay said balance is whether said guaranty was intended to and does include the last lease made between the parties; in other words, was the last lease a renewal of the first. I hold that the last lease was not a renewal of the first and that the claim must be disallowed for the following among many reasons for such a conclusion: (1) All of the leases were separate and independent of each other and none of the last three was a renewal of the first or of any previously made. (2) The lessor for its own purposes not only omitted a privilege of renewal in the first lease but by the distinct and we may say subtle language in the second lease above quoted eliminated any possible claim that said lease was a renewal of the first. (3) The third and fourth leases contained the same clause. (4) The terms of the last lease were different from those of the first. (5) The guaranty should not be extended by implication or construction. Submit decree.