HOME OWNERS' LOAN CORP., Appellant, v. STRONGS' INC., et al, Respondents

(6 N. W.2d 446.)

(File No. 8534. Opinion filed November 28, 1942.)

**Doyle & Mahoney,** of Sioux Falls, and **Ray E. Dougherty,** of Omaha, Neb., for Appellant.

**Verne H. Jennings,** of Sioux Falls, for Respondents.

RUDOLPH, P.J. The Home Owners' Loan Corporation leased certain real property in Lincoln County to Milton M. Strong, Jr. The lease was dated September 16, 1937 and by its terms leased the property to Strong for a period of eighteen months. The lease contained the further provision: "In the event the tenant shall, with the consent of the landlord hold over after the last mentioned date he shall become a hold-over tenant of said premises and for a term of one month only at the rental of $40 per month, which said rental shall be payable on the 1st day of the said month. The said hold-over tenancy shall expire of its own limitation at midnight on the last day of said term. As long as said tenant shall continue to occupy said premises with the consent of the landlord without any modification of this lease or without entering into a subsequent lease he shall be considered a holdover tenant on a month-to-month basis and the rental for such tenancy shall be $40 per month and such tenancy shall expire on the last day of each and every month that the said tenant holds over."

By written endorsement upon the lease the respondents agreed with the Home Owners' Loan Corporation as follows: "In consideration of the making of the within written lease, we, the undersigned, do hereby covenant and agree with the within named landlord and its assigns that if default shall at any time be made by the said lessee, his executors, administrators, and assigns, in the payment of the rent or the performance of the covenants in the within lease contained, on his or their part to be paid and performed, then we will well and truly pay the said rent or any arrears thereof that may remain due and also all damages that may arise in consequence of the nonperformance of

said covenants or any of them without requiring notice of any such default from the said landlord or other person having an estate in said premises."

Milton Strong occupied the premises for the eighteen month period provided in the lease and thereafter continued to occupy the premises until the month of November, 1940. Milton Strong paid no rent for the months of April, May, June, July, August and September, 1940, and this action was commenced against respondents based upon the endorsement of guaranty as set out above. The trial court held that no liability existed under the endorsement upon the lease and the Home Owners' Loan Corporation has appealed.

■■ We are of the opinion that the liability of the respondents under the endorsement was only to pay after there was a default in the payment of rent during the period covered by the lease. Such we believe is the clear intention of the parties as expressed in the within endorsement of guarantee. Nowhere in this written guarantee is to be found an agreement by the guarantors to pay any rent accruing under an agreement or consent of the landlord given separate and apart from the lease, and we are convinced that to so construe this guarantee as to place liability upon the guarantors for rent accruing under a consent given apart from the lease would lead to absurd consequences. Respondents' liability as guarantors is coextensive with the term provided for in the lease. Heffron v. Treber, 21 S. D. 194, 110 N. W. 781, 130 Am. St. Rep. 711. It follows that the question presented by this record is whether the rent which is sought to be recovered from respondents was rent which had accrued during the term provided for in the lease. The written lease does not purport to grant to Milton Strong any right in the leased premises beyond the eighteen month period. Any occupancy of premises by Strong after this period must, under the express terms of the lease, be with the consent of the lessor, and a consent other than the consent which the lessor gave when it signed the lease. We are, therefore, of the opinion that the occupa-

tion of the premises by Strong during the period here in dispute was not under the written lease, but by reason of the consent of the lessor given entirely separate and apart from any stipulation contained in the lease.

Appellants rely to a large extent upon the case of Heffron v. Treber, supra, but in that case the right of tenant to a two year period in addition to the original period was expressly provided for by the lease. By the terms of that lease the lessee was given the option of extending the term of the lease to five years by simply continuing his occupancy of the premises. No notice of renewal of the lease was required, and no new consent or agreement was necessary to continue the lease for the five year period. This court held the lease did not essentially differ from a lease for a term of five years, in which the landlord gives the tenant an option to terminate such lease by vacating at the end of three years. We think it obvious that the decision in the Heffron-Treber case is not controlling when applied to the facts now before us. As stated above, the lease here involved granted no term beyond the eighteen month period, and any occupation of the premises by Milton Strong thereafter was by virtue of a consent or grant of appellant entirely separate and apart from any consent or grant given under the terms of the lease.

The judgment appealed from is affirmed.

All the Judges concur.