HORNSBY, Chief Justice.
Defendants appeal from a judgment entered after a jury verdict in favor of plaintiff in an action to recover rent accrued.
D.J. and Sonja Schrader are guarantors of a lease between The Mall, Inc., and 01’ Heidelberg Kitchens, Inc. (“Heidelberg”). The original lease expired on December 31, 1981. Heidelberg continued to occupy the premises until a new lease was signed on January 31, 1982. Shortly thereafter, Heidelberg vacated the property. After negotiations to reach a settlement broke down, The Mall filed this action. The defendants counterclaimed for conversion of items left in the leased premises.
Defendants first contend that the verdict is contrary to the evidence in that, they argue, as guarantors they were liable for rental payments only under the original lease. The operative portions of the guaranty provide:
“[T]he Guarantor hereby expressly agrees that the validity of this Guaranty and the obligations of the Guarantor hereunder shall in nowise be terminated, affected, diminished or impaired by reason of the assertion, or the failure to assert, by the Landlord against the Tenant, or against the Tenant’s successors and assigns, of any of the rights or remedies reserved to the Landlord pursuant to the provisions of the said Lease.
“The Guaranty shall be a continuing Guaranty, and the liability of the Guarantor hereunder shall in no way be affected, modified or diminished by reason of any assignment, renewal, modification or extension of the Lease or by reason of any modification or waiver of or change in any of the terms, covenants, conditions or provisions of said Lease, or by reason of any extension of time that may be granted by the Landlord to the Tenant, its successors or assigns, or by reason of any dealings or transactions or matter or thing occurring between the Landlord and the Tenant, its successors or assigns, whether or not notice thereof is given to the Guarantor.”
They do not dispute that they signed a continuing guaranty, but they contend that it does not cover the new lease, because, they say, the new lease is not an “extension or renewal” of the original lease.
The issue presented then is whether the lease signed January 31, 1981, is a renewal or extension of the original lease or is a new lease. Contrary to the defendants’ contentions, we do not deem it significant that the subsequent lease contained changes in certain terms, because the guaranty clearly applies even if there are changes in the lease. The only significant question is whether the one-month gap be *1355 tween the expiration of the original lease and the execution of the subsequent lease makes the subsequent lease a new lease as opposed to a renewal of the original lease.
“[T]he rules governing the interpretation and construction of contracts are applicable in resolving a question as to the interpretation or construction of a guaranty contract. 38 Am.Jur.2d Guaranty, § 70 (1968). When the terms are ‘clear and certain’ it is the Court’s duty to analyze and determine the meaning of a contract [Citations omitted].”
Pate v. Merchants National Bank of Mobile, 428 So.2d 37, 39 (Ala.1983).
“A continuing guaranty contemplates a series of future transactions. It is not limited in time or amount and is operative until revoked.”
Shur-Gain Feed Division, William Davies Co. v. Huntsville Production Credit Ass’n, 372 So.2d 1317, 1320 (Ala.Civ.App.1979).
The original lease contains no renewal or extension provision as to the lease itself. It did provide that if the tenant remains in possession “after the expiration of the tenancy created hereunder, and without execution of a new lease, Tenant, at the option of Landlord shall be deemed to be occupying said Leased Premises as a tenant from month to month ... subject to all other conditions, provisions and obligations of this Lease insofar as the same are applicable....”
The subsequent lease provides in part;
“WHEREAS, the Tenant is the Tenant under a certain lease dated January 22, 1976, between THE MALL, INC., Landlord and OL HEIDELBERG KITCHEN, INC., Tenant.
“WHEREAS, the parties are desirous of extending the Lease upon covenants and conditions as The Lease, except as hereinafter provided.”
While the intent to include within the scope of the guaranty such an arrangement as that which occurred is not clear, neither is it clear that the guaranty does not cover this situation. This ambiguity means that the trial court properly submitted the issue of the intent of the parties to the jury. There is evidence to support the jury’s conclusion that the parties intended the guaranty to cover the subsequent lease, particularly where that subsequent lease states that it is an extension and where the guaranty clearly applies to extensions.
Defendants cite us to three cases from other jurisdictions in support of their contention. In re Hecht’s Estate, 138 Misc. 378, 245 N.Y.S. 629 (Sur.Ct.1930); Homeowners’ Loan Corp. v. Strongs’, Inc., 69 S.D. 81, 6 N.W.2d 446 (1942); Pelligreen v. Century Furniture & Appliance Co., 524 S.W.2d 168 (Mo.App.1975). Suffice it to say that these cases are readily distinguishable factually from the present case.
Defendants also contend that they are entitled to an off-set for the value of the property left on the premises when it was vacated by Heidelberg. They premise their argument on the basis that the lease provides for a forfeiture only if upon termination of the lease the personal property is not removed. They argue that the jury necessarily found there was no termination of the original lease in determining that there was an extension of the lease triggering continued liability under the guaranty. The fallacy of that argument is that termination occurs not only upon the expiration of the term of the lease but also upon default.
Article X, section 10.2(a), provides in part that upon default and notice to the tenant “this lease and the term thereunder shall end and expire as fully and completely as if the date of expiration of [the time provided in the notice], were the day herein definitely fixed for the end and expiration of this lease and the term thereof.” We understand this inartfully drafted clause to be intended as saying that default also results in termination. While it is true that Article X, section 10.3, of the lease provides that upon default the Landlord “may” sell the goods and give credit to the tenant, it is also clear that the various remedies are cumulative, because that section also states that this particular remedy is “in addition *1356 to any other remedies provided herein or by law."
The judgment of the trial court is due to be affirmed.
AFFIRMED.
MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.